875 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert POGHEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 88-3200, 88-3656.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1989.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and JEROME TURNER, District Judge.*
 
 ORDER
 
 2
 In these consolidated appeals, Robert Poghen, a federal prisoner, appeals the district court's denial of his third motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255 (Case No. 88-3200); Poghen also appeals the district court's denial of his motion to correct an illegal sentence filed pursuant to Fed.R.Crim.P. 35(A) (Case No. 88-3656). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1982, Poghen pleaded guilty to a four count superseding indictment charging him with conspiracy and various firearm offenses. He was sentenced to fifteen years imprisonment; and a $30,000 fine was also imposed. In this Sec. 2255 motion, Poghen raised the following claims: 1) his guilty plea was involuntary because of ineffective assistance of counsel; 2) the superseding indictment was defective; and, 3) his conviction under count four (possession of a firearm by a convicted felon under 18 U.S.C.App. Sec. 1202(a)(1)) should be vacated because an expunged felony conviction formed the predicate offense. In his Rule 35(A) motion to correct his illegal sentence, Poghen reasserted his claim that the superseding indictment was defective.
 
 
 4
 Regarding the Sec. 2255 motion, the district court denied the motion finding it successive under Rule 9(b) of the Rules governing Sec. 2255 proceedings because Poghen's claims of an involuntary guilty plea and ineffective assistance of counsel had previously been decided on the merits and the decision was affirmed by this court on appeal (Case No. 87-3125). Despite the Rule 9(b) holding, the district court nonetheless addressed the merits of the motion finding that Poghen failed to show that counsel rendered ineffective assistance; his guilty plea had waived any defect in the indictment; and, Poghen was properly convicted under 18 U.S.C.App. Sec. 1202(a)(1). The district court also denied reconsideration of its order. Regarding the Rule 35(a) motion, the district court construed it as a fourth Sec. 2255 motion and denied it as an abuse of the procedures under Sec. 2255. The court later denied reconsideration of its order finding that the indictment had not been improperly amended.
 
 
 5
 Upon review, we affirm the judgments of the district court for the reasons set forth in its memorandum opinions dated February 5, 1988 (Case No. 88-3200); May 27, 1988, and July 12, 1988 (Case No. 88-3656). Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jerome Turner, U.S. District Judge for the Western District of Tennessee, sitting by designation